IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY BARNETT, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-4286-D |
| VS. § | |
| § | |
| CAROLYN W. COLVIN, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"),[1] moves under Fed. R. Civ. P. 12(b)(6) to dismiss as time-barred this action by plaintiff Terry Barnett ("Barnett") seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's decision denying Barnett's application for disability benefits. The court denies the motion because it cannot determine from the face of the complaint and the properly-considered documents that the suit is barred by limitations.[2]

Under the Social Security Act, a person seeking review of "any final decision of the

---

[1] Commissioner Colvin became Acting Commissioner after this action was filed. She is substituted as the defendant by operation of Fed. R. Civ. P. 25(d).

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Commissioner" must commence a civil action "within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The Commissioner maintains that Barnett's action is barred by limitations. Limitations is an affirmative defense. *See* Rule 8(c)(1). To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings.'" *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (alterations added) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). In other words, the Commissioner is not entitled to dismissal under Rule 12(b)(6) unless Barnett "'has pleaded [him]self out of court by admitting to all of the elements of the defense.'" *Id.* (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)).

Barnett's complaint does not contain allegations, nor are documents attached to the complaint that indicate, the date the notice of final decision was mailed. Although in *Cochran* this court granted a Rule 12(b)(6) motion to dismiss a social security appeal based on limitations, the complaint included a document that showed the date that notice was mailed. *See Cochran*, 2011 WL 5604024, at *1.

Although the Commissioner has attached documents to her motion that provide evidence of the filing deadline, the court cannot rely on documents outside of the complaint and not referenced by it without converting the motion to dismiss into a motion for summary judgment. *See Sivertson*, 2011 WL 4100958, at *3 n.4 (citing Rule 12(d)); *see also Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 829 n.2 (N.D. Tex. 2011) (Fitzwater, C.J.) ("'[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers

to the documents and they are central to the claim.'" (quoting *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003))).  Because the limitations defense is not evident on the face of the complaint or in any documents that the court can properly consider at the Rule 12(b)(6) stage of this case, the Commissioner is not entitled to dismissal under Rule 12(b)(6) on the ground that this action is barred by limitations.

\* \* \*

The Commissioner's motion to dismiss is denied.

**SO ORDERED**.

April 29, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE