IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY BARNETT, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-4286-D |
| VS. § | |
| § | |
| CAROLYN W. COLVIN, § | |
| ACTING COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Terry Barnett ("Barnett") brings this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income ("SSI") under Title XVI of the Act. The Commissioner moves to dismiss the action, contending it was not filed within the limitations period (as extended by the Appeals Council). This questions turns on whether Barnett has demonstrated that equitable tolling applies. Concluding that equitable tolling does not apply and that this action is time-barred, the court dismisses the action with prejudice without reaching the merits.

I

Barnett applied for SSI, and the Commissioner denied his application initially and on reconsideration. Barnett sought review from the Appeals Council, which denied his request on March 30, 2012. Barnett had 65 days from the date of this denial to file suit in district

court. *See Marse v. Dep't of Health & Human Servs.*, 999 F.2d 1579, 1993 WL 307916, at *1 (5th Cir. 1993) (unpublished table decision) (per curiam) (referring to "65-day limitations period provided for by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c)"). By regulation, Barnett had 60 days from his receipt of notice of the Appeals Council's decision to file suit in district court, *see* 20 C.F.R. § 416.1481 (2013), and the regulations define the date of receipt as "5 days after the date on the notice," *id.* at § 416.1401. For good cause, the Commissioner may grant additional time to file an action in district court. *Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991) ("There is one exception to this sixty-day period; the Appeals Council may extend the time upon a showing of good cause.").

The limitations period initially expired on June 4, 2012 (because June 3 was a Sunday). On June 28, 2012—24 days after the limitations period had already expired (a hiatus that the Appeals Council cited when denying a second extension request)—Barnett's counsel, Julie L. Glover, Esquire ("Glover"), requested an extension of time, stating that she "ha[d] been unable to contact Mr. Barnett . . . and need[ed] more time to obtain the needed information and forms to properly file." R. 7. The Appeals Council granted the request by a July 5, 2012 letter addressed to another Dallas attorney (whom Glover identifies as Barnett's prior counsel). The Appeals Council extended the deadline until 60 days after Glover received the letter, and it stated that it would assume she had received the extension notice five days after the date of the letter unless she showed that she did not receive it within the five-day period. This decision extended the deadline until September 8, 2012 (i.e., 65 days after July 5, 2012).

In a letter dated August 22, 2012, a paralegal at Glover's law firm requested a second extension of time, offering identical reasons to the first request. In this letter, the paralegal stated that if "[she did] not receive a response . . . designating a different deadline, [suit would be filed] by *October 29, 2012*." R. 3. The Appeals Council had not responded to the request as of October 24, 2012, the date Barnett filed this lawsuit.

On December 19, 2012 the Commissioner filed in this case an unopposed motion for extension of time to answer. On December 20, 2012 the Appeals Council issued a letter denying Glover's August 22, 2012 extension request. The Appeals Council recognized that it could extend the deadline for filing suit if Barnett had a good reason for filing late, and that Barnett's attorney asserted that she had been unable to contact the claimant and needed more time to obtain the needed information and forms to properly file in district court. But it declined to grant the requested extension. It noted that it had already granted one extension of time on June 28, 2012, even though the request was filed "24 days after the initial period within which to file a civil action expired." R. 1. And it stated that, "[a]fter considering the facts in this case, we find no reason under our rules to extend the time . . . because you have not provided a sufficient reason for the second extension of time request." *Id.*

The Commissioner maintains that the case must be dismissed as time-barred. Barnett argues on various grounds that the court should apply equitable tolling, decline to dismiss the case, and reach the merits.

II

The limitations period is subject to equitable tolling. *Marse*, 1993 WL 307916, at *1 ("Equitable tolling may extend the limitations period of 42 U.S.C. § 405(g)."). But "it is only a rare social security case which will present equities strong enough to toll limitations." *Id.*

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights . . . . Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants.

*Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) (alteration in original). To excuse the limitations bar based on equitable tolling, the lawsuit must be "one of those rare cases in which 'the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" *Lewis v. Barnhart*, 73 Fed. Appx. 715, 717 (5th Cir. 2003) (per curiam) (quoting *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990)). The complaining party has the burden of demonstrating that equitable tolling should apply. *See Wilson v. Secy., Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

Barnett argues that equitable tolling should apply because the Commissioner's actions between the time the Appeals Council denied his request for review and the Commissioner filed her motion to dismiss this lawsuit were, at best, misleading and, at worst, have the

appearance of being fraudulent or secretive. Barnett posits that the Commissioner did not explain why Glover's inability to communicate adequately with Barnett and obtain the necessary information to file this case were good cause for granting the first extension request but not the second, and that the granting of the first extension request led Glover reasonably to believe that a second request based on the same reasons would be granted. Barnett points out that the Appeals Council's response to his counsel's first request for an extension was issued one week after the request was made, but its response to the second request was not issued until four months after the request was made, and almost two months after Barnett filed this lawsuit. Barnett also relies on what he maintains is the "suspicious timing" of the filing of the Commissioner's unopposed motion for extension of time to answer this lawsuit (December 19, 2012) and the Appeals Council's denial of his second request or extension of time (December 20, 2012). He posits that the timing of these events gives the appearance that the Appeals Council took action specifically to obtain the dismissal of his lawsuit, and that, given the Appeals Council's actions concerning his first extension request, the denial of his second request does not appear to be a fair or timely response to the request. Barnett concludes that he has been pursuing his rights diligently, but that some extraordinary circumstance in the form of the Commissioner's misleading actions concerning his second request for an extension of time stood in his way.

III

The Appeals Council denied Barnett's second extension request, finding that it had already granted one extension request even though it was filed 24 days after the initial

limitations period for filing suit had expired, and, after considering the facts, finding that Barnett had not provided a sufficient reason for the second extension request.  The court is unable to say that this is one of those rare cases in which the equities in favor of tolling the limitations period are so great that deference to the Appeals Council's judgment is inappropriate.  As the Appeals Council noted, Barnett filed his first extension request 24 days after the limitations had actually expired.  And despite the fact that the Appeals Council concluded that Barnett had good cause for his first extension request, it could reasonably have concluded that Glover had been given sufficient time within the initial extension period to contact Barnett and obtain the needed information and forms to properly file this lawsuit.

Nor has Barnett established that this is one of those rare cases in which the equities in favor of tolling the limitations period are so great that deference to the Appeals Council's judgment is inappropriate.  The Appeals Council had no obligation to explain why Glover's inability to communicate adequately with Barnett and obtain the necessary information to file this case were good cause for granting the first extension request but not the second.  The Appeals Council could reasonably have thought a period of 60 days was sufficient for this purpose and that an additional 60-day period was unnecessary.  Barnett's argument is akin to saying that, because the initial extension period was necessary, it is self-evident that an additional period—even if not based on new or different facts—was also needed.  Given the grounds for the extension request, this is at odds with common sense and certainly is insufficient to support the assertion that Glover reasonably believed that a second request based on the same reasons would be granted.  Moreover, Barnett does not assert that the

- 6 -

Appeals Council said anything in any communication that caused him to believe his second extension request would be granted.

Barnett's reliance on the fact that the Appeals Council's response to his counsel's first request for an extension was issued one week after the request was made, but its response to the second request was not issued until four months after the request was made, is also insufficient to support equitable tolling. This is so because "[Barnett] and his counsel had a duty to inquire about the status of the motion for extension of time, and their failure to do so does not constitute 'unique circumstances[.]'" *Lewis*, 73 Fed. Appx. at 717 (addressing whether relief was warranted under Fed. R. Civ. P. 60(b)(1)). In other words, before the extended limitations period expired on September 8, 2012, Barnett and Glover were obligated to inquire about the status of the August 22, 2012 second request for extension. It was not enough for Glover (through her paralegal) to state in the second extension request that she would assume, absent a response from the Appeals Council designating a different deadline, that Barnett could file his lawsuit by October 29, 2012.

Finally, Barnett relies on what he maintains is "suspicious timing" concerning the filing of the Commissioner's unopposed motion for extension of time to answer this lawsuit and the Appeals Council's denial of his second request for extension of time. This conduct occurred after the September 8, 2012 deadline for filing suit. Where alleged governmental misconduct does not occur until *after* an untimely filing and in no way induces the tardiness, the contention that equitable tolling should exclude the late filing "is frivolous." *Marse*, 1993 WL 307916, at *1 n.5; *see also Lewis*, 73 Fed. Appx. at 717 ("The SSA's comments

after the limitations period had expired have no bearing on the untimely filing of Lewis's complaint.").

Equitable relief to toll limitations is granted sparingly and rarely. This case is not the rare social security case that presents equities strong enough to toll limitations. The Appeals Council granted one extension request even though it was made 24 days after the initial limitations had expired. Despite the fact that the Appeals Council granted Barnett's first extension request one week after his counsel made it, his counsel did not follow up with the Appeals Council regarding a second extension request when a decision was not similarly issued within one week, and while there was still time to file suit by the original extended deadline. The Commissioner is therefore entitled to dismissal of the lawsuit based on limitations.

*   *   *

Concluding that Barnett has failed to demonstrate that equitable tolling applies to extend the limitations period, the court holds that this lawsuit is barred by limitations, and it is

DISMISSED.

November 26, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE